## PEOPLE v. KOHN.

(Supreme. Court, Appellate Division, Second Department. November 23, 1910.)

1. DISORDERLY HOUSE (§ 17*)—PROSECUTION FOR KEEPING—SUFFICIENCY OF EVIDENCE.

Evidence *held* not to sustain a conviction of keeping a disorderly house.

[Ed. Note.—For other cases, see Disorderly House, Cent. Dig. §§ 26–29; Dec. Dig. § 17.*]

2. INTOXICATING LIQUORS (§ 236*)—LICENSED LIQUOR SALOON—PROPRIETORSHIP—EVIDENCE.

Under Liquor Tax Law (Consol. Laws, c. 34) § 15, requiring an applicant for a liquor tax certificate to make a sworn statement of the name and residence of every person interested or to become interested in the traffic in liquors for which the statement is made, and the name of each applicant, and, if there be more than one, and they be partners, also their partnership name, the age and residence of the several persons so applying and the fact as to their citizenship, so that there must be record evidence back of the certificate showing who is the owner and controller of the place, the certificate is a high character of proof of proprietorship.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. §§ 307, 310; Dec. Dig. § 236.*]

Appeal from Court of Special Sessions of the City of New York.

Morris Kohn was convicted of keeping a disorderly house, and he appeals. Reversed, and new trial granted.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, THOMAS, and RICH, JJ.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Herbert S. Worthley, for appellant.
Peter P. Smith, for the People.

WOODWARD, J. There is no question raised upon this appeal that the conditions testified to by the witnesses for the people constituted the crime of keeping and maintaining a disorderly place. The difficulty in that there is no competent evidence that the defendant kept and maintained the place. The only testimony to connect the defendant with the crime is that of a police officer, who testified, over the defendant's objection and exception, that he knew the defendant's connection with the place, and that he was proprietor; but, being further questioned by his own counsel, he admitted that he had never talked with the defendant about it, and that the only way he knew was that he asked the bartender at this place, 23 Boerum Place, borough of Brooklyn, and the bartender told him that Mr. Kohn was, and that Mrs. Kohn came in and asked him for the keys, so that she could get some change, and that he also saw defendant straightening out some chairs. The testimony as to what the bartender told the witness was struck out, so that there is barely the assertion of this one policeman that he knew that he was proprietor, and this was shown to be based wholly upon hearsay evidence. There is certainly nothing in the fact that a man's wife came in and asked him for the keys, that she might make change, which would show that he was proprietor. He may have had them simply for safe-keeping for all that appears. Opposed to this testimony is the positive testimony of the defendant's wife that:

"The license is in my name. The license has been in my name two years come October. I am the proprietor and owner of that business. I am the only owner that there is to that business. For the last two years the license is in my name, so I'm in charge and the control of the business. It is a fact that I am in control physically. * * * That place belongs to me. I buy the provisions that go into the kitchen. I pay the money. I buy the beer and the liquor. I pay the bills. I pay the rent. * * * When the lease was made five years ago, it was made in Mr. Kohn's name, and was no new lease made yet. That was before I married him. I pay the rent now."

She is corroborated as to the license by the people's witness, and the defendant corroborates her as to the ownership and control of the business. The place in question is concededly a licensed liquor saloon, and under the requirements of section 15 of the liquor tax law (Consol. Laws, c. 34) it is necessary to have a sworn statement of the "name and residence of every person interested or to become interested in the traffic in liquors for which the statement is made," and the "name of each applicant, and if there be more than one and they be partners, also their partnership name, and the age and residence of the several persons so applying, and the fact as to his citizenship." It would seem, therefore, that there must be record evidence back of the certificate showing who is the owner and controller of the place, and the certificate would seem to be rather a high character of proof of proprietorship.

We are of the opinion that the evidence does not properly connect the defendant with the crime charged, and that the judgment of conviction should be reversed, and a new trial granted. All concur.